## Case No. 12,653.

### SEMMES v. McKNIGHT.

[5 Cranch, C. C. 539.] [1]

Circuit Court, District of Columbia. March Term, 1839.

LANDLORD AND TENANT—LEASE—REPLEVIN—ADVERSE CLAIM — SALE FOR TAXES — VOID SALE—COLLUSION.

1. A lease for twenty years, not acknowledged or recorded, is not a lease at will; and the landlord may distrain for rent, although the original lessee should not have been in possession for several years next before the distress, or should have died.

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

2. The tenancy does not cease by the tenant's setting up an adverse claim more than six months before the distress.

3. A bonâ fide purchaser at a tax sale without collusion with the tenant, may enter under his purchase, and convey to a third person, who will not thereby become tenant of the original landlord; but if there be collusion between the tenant and the purchaser, to suffer the taxes, which it was the duty of the tenant to pay, to remain unpaid, and thereby to cause a sale by the collector of taxes, so as to enable the purchaser to buy in the property for the benefit of the tenant; the title of the property is not changed by such tax sale, and the tenant remains tenant to the original landlord.

4. The assessment and advertisement of property in a wrong name, does not make the tax sale void, since the act of May 26, 1824 [Davis, Laws D. C. 379].

5. If an improvement extend over divers lots, personal property found on any of those lots is liable for the taxes on all the lots so improved.

6. Under a reservation of twenty dollars rent "clear of all taxes and charges," the tenant is bound to pay the taxes as well as the rent; although there be a clause of re-entry for the non-payment of the rent.

Replevin [by Basil Semmes against George B. McKnight]. Avowry for $90 rent arrear, under an indenture of lease from W. Prout to John Chalmers, Jr., dated December 1, 1816, for twenty years, of the whole square, No. 876, in the city ·of Washington, at $20 a year, clear of "all taxes, charges, rates, or assessments whatsoever, which may become due on said piece of ground," with a clause of re-entry, "If the said yearly rent of $20, hereby reserved, or any part thereof, shall be unpaid at the expiration of sixty days after the same shall become due, and not sufficient effects on the premises whereon to levy the said rent." This lease was not ac-·knowledged or recorded. The avowry set forth the lease, the death of Mr. Prout, seised of the rent and the reversion in fee, the descent to his heirs as tenants in common, their entry and partition, and the allotment of the square, No. 876, with the rent, to the wife of the defendant, one of the coheirs, the seisin of the defendant and wife, and the nonpayment of five years' rent ending on the 1st of December, 1835. The plaintiff pleaded non tenuit, non dimisit, and no rent arrear, upon which pleas issues were joined. Evidence was offered at the trial to show that Joel Cruttenden was the agent of Chalmers for paying the rent to Mr. Prout; that he suffered the taxes to remain unpaid, whereby the property was sold, in December, 1827, and bought in by Mr. Cruttenden, who, however, continued to pay the rent to Mr. Prout, until 1830; that Mr. Prout died, and Mr. Cruttenden, in 1835, obtained a deed from the mayor of Washington, in confirmation of his purchase at the tax sale, and in the same year, conveyed the same to the plaintiff; that Chalmers died in 1834. The plaintiff claimed under the tax sale to Mr. Cruttenden.

Mr. Bradley, for the defendant, contended that that sale was void by the collusion be-tween Mr. Cruttenden and Mr. Chalmers, and that the tenancy still continued, notwithstanding the sale.

R. J. Brent. for plaintiff, prayed the court to instruct the jury that the lease from Prout to Chalmers only operated as a lease at will, and that if they should believe from the evidence that Chalmers was not in possession, either by himself or by his tenant, for several years before the distress; or if they find that Chalmers was dead in 1834, then the plaintiff is entitled to recover.

But THE COURT refused to give the instruction. They also refused to instruct the jury that if they should find that more than six months before the distress laid, the plaintiff held adversely to the claim of the defendant, and that such adverse claim was known to the heirs of the said W. Prout, or to their agent, or to the defendant, then the plaintiff is entitled to recover.

Mr. Brent then prayed the court to instruct the jury that, if they should be of opinion, from the evidence, that the said Joel Cruttenden fairly and bona fide purchased the property at a tax-sale made by the corporation in 1827, without any collusion with the said Chalmers, the tenant, who was bound to pay the taxes, and that when he entered upon the same, he did so in virtue of that purchase, and not as tenant of the said Chalmers, or of the heirs of Prout, under whom the defendant claims; and that afterwards, and while he so possessed the property, claiming it in fee simple, in virtue of the said sale, he put the plaintiff in possession under a contract to convey the same to him, and did actually convey the same to the said ·plaintiff after the corporation had made the deed to the said Cruttenden, and about eight months before the distress was levied, then the plaintiff is entitled to recover in this action.

Which instruction THE COURT gave, but also, at the prayer of Mr. Bradley, gave the following instruction, namely, that if from the evidence, the jury shall find that the said Chalmers entered into possession of the premises under the said lease from W. Prout, and remained and continued in such possession up to, and after the time of the said tax sale, in 1827, and that the said Joel Cruttenden, as the agent of the said Chalmers, paid rent to the heirs of the said Prout, which had accrued after such tax sale, or that he was such agent before the said tax sale, and did not then set up, or pretend to any title to the said premises under the said sale, and that the said Cruttenden had notice of the terms of the said lease from Prout to Chalmers, and that the said Chalmers was thereby bound to pay the taxes on the property, then the said Cruttenden did not acquire any title to the said premises by reason of the said tax sale, and the said Chalmers continued the tenant of the said premises, and the plaintiff is not entitled to recover.

Mr. Bradley prayed the court to instruct the jury that, if they found from the evidence, that the premises were assessed in the name of "John Chalmers, or the Bank of Washington," the assessment was not in compliance with the terms of the charter, and the tax sale in 1827 was, for that reason, void.

But THE COURT, upon considering the act of May 26, 1824, § 2, supplementary to the charter of 1820, refused to give the instruction.

Mr. Brent then prayed the court to instruct the jury that, after the 1st of December, 1823 (namely, after the expiration of the first seven years of the lease), the lease operated only as a lease from year to year, and if they find, from the evidence, that the said Chalmers died in the year 1834, and, that the plaintiff from that time and before has been in possession of the premises, claiming adversely to the defendant, then there was no tenancy subsisting at the time of the distress laid, and the plaintiff is entitled to recover.

But THE COURT refused to give the instruction; the defendant having offered evidence that the square No. 876, the premises in question, contained 13 lots, and that a ropewalk was erected thereon, extending across several lots, and that upon one of those lots there was personal property enough, at the time of the tax-sale to pay the taxes.

Mr. Brent prayed the court to instruct the jury, in effect, that goods, found upon one of the lots, are not liable for the taxes upon the other lots.

But THE COURT refused to give the instruction, and said: The words of the charter of 1820, § 10, are, "Provided that no sale shall be made of any improved property, whereon there is personal property sufficient to pay the said taxes." If an improvement extend over divers lots, such lots are improved property; and personal property found on any part of that improved property is liable for the taxes due thereon.

THE COURT also decided that, under a reservation of "$20 a year rent clear of all taxes and charges," the tenant is bound to pay the taxes as well as the rent, although the lease contain a clause of re-entry, "in case the said rent of $20, or any part thereof, should remain unpaid for 60 days," &c.

Verdict for defendant.